IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID THOMAS, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 3:26-CV-100-L-BK |
| FREEDOM MORTGAGE | § | |
| CORPORATION, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. Before the Court is Defendant Freedom Mortgage Corporation's *Motion to Dismiss for Failure to State a Claim*, Doc. 6. Upon review, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff David Thomas, proceeding *pro se*, brings this civil action against Defendants Freedom Mortgage Corporation ("Freedom Mortgage"), Nestor Solutions, LLC, Auction.Com, LLC, Xome Inc., Tejas Corporate Services, LLC, Abstracts/Trustees of Texas, LLC, Resolve Trustee Services, LLC and All Substitute Trustees Named in the Foreclosure Notice (collectively, "Defendants"). Thomas asserts claims for wrongful foreclosure, breach of contract, and declaratory and injunctive relief. Doc. 1-2 at 9-11.

Thomas alleges that he is the borrower of a mortgage loan serviced by Freedom Mortgage and secured by a deed of trust on the real property owned by him, located at real property located at 1014 Fairlawn Drive, Duncanville, TX 75116 (the "Property"). Doc. 1-2 at

8-9.  Thomas further alleges that in December 2025, Freedom Mortgage filed a Notice of

Foreclosure Sale with the Dallas County Clerk, indicating that a foreclosure sale of the Property

was scheduled for January 6, 2026.  Doc. 1-2 at 10.  Thomas filed the instant action in state court

on January 4, 2026, in an apparent eleventh-hour attempt to stave off an impending foreclosure

sale.  Doc. 1-2 at 8-16.  On January 5, 2026, the state court entered an *ex parte* temporary

restraining order (TRO) prohibiting Freedom Mortgage from foreclosing on the property.  *See*

Doc. 1-2 at 18-20.[1]

On January 14, 2026, Freedom Mortgage (the only defendant served to date) removed the

case to this Court under 28 U.S.C. § 1332, based on diversity jurisdiction.  Doc. 1 at 1-2.

Freedom Mortgage filed the motion *sub judice* one week later, seeking dismissal of Thomas's

claims under Federal Rule of Civil Procedure 12(b)(6).  Docs. 6, 7.  Thomas failed to respond to

the motion to dismiss, and the time to do so has long passed.  *See* N.D. TEX. L. CIV. R. 7.1(e)

(providing that "[a] response and brief to an opposed motion must be filed within 21 days from

the date the motion is filed.").

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The

Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] According to Freedom Mortgage, after the TRO was entered, it cancelled the sale and has not yet foreclosed on the Property.  Doc. 6 at 3-4.

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.  Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).  The Court, however, is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678-79.  In reviewing a Rule 12(b)(6) motion, the Court may only consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Because Freedom Mortgage removed this case to federal court based on the parties' diversity of citizenship under 28 U.S.C. § 1332 (*see* Doc. 1 at 2), Texas substantive law applies.

*See Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law") (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

### III. ANALYSIS

Since Thomas failed to respond to the motion to dismiss, he is deemed to have abandoned his claims. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (plaintiff's failure to defend claim against motion to dismiss constitutes abandonment) (citing case omitted). Indeed, just as the plaintiff in *Black*, Thomas essentially has failed to pursue his claims beyond the filing of his complaint. *See id.* While dismissal is warranted on that basis alone, for the reasons outlined *infra*, dismissal is likewise appropriate for failure to state a claim.

#### A. Thomas Fails to State a Claim for Wrongful Foreclosure.

Thomas first asserts a state law claim for wrongful foreclosure. Doc. 1-2 at 10. Under Texas law, a claim for wrongful foreclosure generally requires: (1) "a defect in the foreclosure sale proceedings"; (2) "a grossly inadequate selling price"; and (3) "a causal connection between the defect and grossly inadequate selling price." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). "Because under Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 730 (N.D. Tex. 2011) (dismissing wrongful foreclosure claim under Rule 12(b)(6) when no foreclosure sale occurred).

Here, Thomas alleges only that Defendants undertook wrongful conduct in preparation for foreclosure, but not that the foreclosure sale occurred or that the price that was paid was inadequate. Doc. 1-2 at 10. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013) ("[C]ourts in Texas do not recognize an action for attempted wrongful foreclosure.") (quoted case omitted). Indeed, Freedom Mortgage's assertion that no foreclosure sale occurred after the state court entered the TRO, Doc. 6 at 3-4, is uncontroverted.

Thus, Thomas's complaint, even when construed liberally, fails to state a claim for wrongful foreclosure.

### B. Thomas Fails to State a Claim for Breach of Contract.

Thomas also asserts a breach of contract claim against Defendants. The essential elements of a breach of contract claim in Texas are: "'(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal,* 167 S.W.3d 443, 450 (Tex. App.—Houston [14th] 2005, pet. denied)).

Thomas premises his breach of contract claim on Defendants' alleged breach of the Deed of Trust. Doc. 1-2 at 10. Specifically, Thomas alleges that Defendants breached the Deed of Trust when they failed to provide notice of the rights of reinstatement and opportunity to cure. Doc. 1-2 at 10. Freedom Mortgage argues that Thomas has failed to proffer sufficient facts as to the second element of breach of contract; to-wit: that Thomas tendered performance by making his mortgage payments. Doc. 7 at 6. The Court agrees.

A party who is in default under the terms of a contract cannot maintain an action for breach of the contract. *See Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). Here, Thomas has not pleaded any facts from which it can be inferred that his mortgage loan payments are current. Neither has Thomas refuted facts contained in documents referred to in his complaint, central to his claims, and attached to the motion to dismiss, which indicate that he was indeed in default. Thus, dismissal of the breach-of-contract claim is for failure to state a claim is proper.

### C. Thomas's Declaratory Judgment and Injunctive Relief Claims Also Fail.

Thomas seeks a declaration that Freedom Mortgage may not foreclose on his property and an injunction preventing foreclosure of the Property. Doc. 1-2 at 10.

After removal, a state action for injunctive and declaratory relief is construed as one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012). Importantly, the availability of a declaratory judgment depends upon the existence of a judicially remediable right. *Id.*; *Schilling v. Rogers,* 363 U.S. 666, 677 (1960). Here, because Thomas has failed to state a legally cognizable claim, he is not entitled to a declaratory judgment and injunctive relief.

In addition, under Texas law, a request for injunctive relief is not a standalone claim, and "instead necessarily depends on an underlying cause of action." *Carr v. PHH Mortgage Corporation*, No. 3:25-cv-1840, 2026 WL 913129, at *5 (N.D. Tex. Apr. 2, 2026) (Brown, J.) (citation omitted). Therefore, because Thomas has not pleaded any viable claim, his request for injunctive relief cannot stand on its own and must be dismissed. *See id.*

## IV. LEAVE TO AMEND

When a court dismisses a *pro se* plaintiff's claims under Rule 12(b)(6), it generally should give the plaintiff at least one opportunity to amend the complaint. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). In this instance, however, Plaintiff has not sought leave to amend in response to the deficiencies identified in Defendant's motion. Indeed, as stated previously herein, Plaintiff appears to have wholly abandoned this action by failing to appear in any way since its removal to federal court, including by failing to defend against the motion *sub judice*. *Lee v. BONY*, No. 3:13-CV-1033-L BF, 2013 WL 4603584, at *4 (N.D. Tex. Aug. 9, 2013) (citation omitted) ("[S]ince Plaintiff did not file a response to the Motion to Dismiss or request to amend his pleadings, the Court finds that Plaintiff pled his best case and providing leave to amend would be futile and unnecessary."), *rec. adopted*, 2013 WL 4623608 (N.D. Tex. Aug. 29, 2013). Under these circumstances, the Court concludes that granting leave to amend *sua sponte* would only cause unnecessary delay.[2]

## V. CONCLUSION

For the foregoing reasons, Defendant Freedom Mortgage Corporation's *Motion to Dismiss for Failure to State a Claim*, Doc. 6, should be **GRANTED**, and Plaintiff's claims as to

---

[2] Notwithstanding the Court's finding, the 14-day objection period attendant to this Report and Recommendation will permit Plaintiff to request leave to amend his complaint to cure the deficiencies outlined herein, if possible. *See* N.D. TEX. L. CIV. R. 15.1 (requiring that a party seeking leave to amend must attach a copy of the proposed amended pleading to the motion to amend).

all Defendants should be **DISMISSED WITHOUT PREJUDICE**.[3]  And as no claims will remain, the Clerk of the Court should be directed to close this case.

       **SO RECOMMENDED** on May 22, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[3] Thomas asserts the claims addressed herein as to all named Defendants.  Thus, the pleading deficiencies addressed herein apply equally to the claims asserted against the unserved Defendants.  Alternatively, dismissal of all claims against the unserved Defendants is likewise warranted under FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").