IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID THOMAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-100-L-BK** |
| | § | |
| **FREEDOM MORTGAGE** | § | |
| **CORPORATION; NESTER** | § | |
| **SOLUTIONS, LLC; AUCTION.COM,** | § | |
| **LLC; XOME INC; TEJAS COPORATE** | § | |
| **SERVICES, LLC; ABSTRACTS/** | § | |
| **TRUSTEES OF TEXAS, LLC;** | § | |
| **RESOLVE TRUSTEE SERVICES, LLC;** | § | |
| **and ALL SUBSTITUTE TRUSTEES** | § | |
| **NAMED IN THE FORECLOSURE** | § | |
| **NOTICE,** | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On May 22, 2026, the Findings, Conclusions and Recommendation of the United States

Magistrate Judge ("Report") (Doc. 10) was entered, recommending that this court grant Freedom

Mortgage Corporation's Motion to Dismiss (Doc. 6), pursuant to Federal Rule of Civil Procedure

12(b)(6), and dismiss with prejudice all claims and related relief sought and asserted by Plaintiff

against Freedom Mortgage Corporation ("FMC") for wrongful foreclosure, breach of contract,

declaratory judgment, and injunctive relief.  The magistrate judge further recommended *sua sponte*

that these same claims against all remaining Defendants be dismissed with prejudice under Rule

12(b)(6) because the pleading deficiencies identified and addressed in the Report apply equally to

the same claims asserted against the remaining Defendants.[1]  Finally, the magistrate judge

---

[1] The magistrate judge also noted that dismissal without prejudice under Federal Rule of Civil Procedure 4(m) of all claims by Plaintiff against all remaining Defendants is appropriate because Plaintiff has yet to serve these Defendants since the case was removed to federal court on January 14, 2026. Rule 4(m) provides that, when service is not made

**Order – Page 1**

recommends that Plaintiff not be allowed to amend because he did not respond to FMC's Motion to Dismiss or move for leave to amend to cure the deficiencies identified in FMC's Motion to Dismiss, and he appears to have abandoned his claims in this action by failing to appear in any way after removal of the case. No objections to the Report were filed by Plaintiff, and the 14-day deadline for filing objections has expired.

Having considered FMC's Motion to Dismiss, the pleadings, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  The court further determines that Plaintiff has pleaded his "best case" such that amendment would be futile and unnecessarily delay the resolution of this litigation, particularly in light of his failure to respond to FMC's Motion to Dismiss or the magistrate judge's Report recommending dismissal with prejudice of all of his claims against all Defendants, and he has not sought leave at any time to amend.[2] Accordingly, the court **grants** FMC's Motion to Dismiss (Doc. 6); and **dismisses with prejudice** this action and all claims by

---

on a defendant within 90 days after filing of the complaint, the court may, after notice to the plaintiff, dismiss the action as to that defendant without prejudice, or, instruct the plaintiff to effect service within a specific time.  Fed. R. Civ. P. 4(m). The court need not address this alternative ground for dismissal raised *sua sponte* by the magistrate judge, as it determines that dismissal of all claims by Plaintiff against all Defendants under Rule 12(b)(6) is appropriate, and Plaintiff had sufficient notice and opportunity to respond and object to the magistrate judge's Report and *sua sponte* recommendation that all claims by him against all Defendants other than FMC should be dismissed with prejudice under Rule 12(b)(6). *See Jones v. City of Dall., Tex.*, No. 24-10803, 2025 WL 2491127, at *6 (5th Cir. Aug. 29, 2025) (per curiam) ("Normally, a district court can only dismiss a claim sua sponte after giving the adverse party notice and an opportunity to respond. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). A magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions. *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).").

[2] The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings under Rule 15(a)(2), a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).  Consideration of these factors weigh in favor of not allowing Plaintiff to amend his pleadings.

**Order – Page 2**

Plaintiff against **all** Defendants pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**It is so ordered** this 17th day of June, 2026.

Sam A. Lindsay
United States District Judge

**Order – Page 3**